IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD E. GLASS,

                      Plaintiff,

v.

FOLEY & LARDNER LLP,

                      Defendant.

OPINION and ORDER

24-cv-769-jdp

---

Plaintiff Todd E. Glass, representing himself, alleges legal malpractice, breach of fiduciary duty, negligence, and vicarious liability against defendant Foley & Lardner, LLP, the law firm that represented him in a 2020 lawsuit in Maryland. Dkt. 1. Glass brings only state-law claims, and he alleges that the requirements for this court's diversity jurisdiction under 28 U.S.C. § 1332 are met because he and defendant are citizens of different states and that more than $75,000 is in controversy. Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that the parties are both citizens of Minnesota for purposes of diversity jurisdiction. Dkt. 13. Glass seeks leave to conduct limited discovery to confirm defendant's citizenship before the court rules on defendant's motion. Dkt. 23 & Dkt. 25.[1]

---

[1] The court has been unable to verify several cases Glass relies upon in his initial motion for discovery. Dkt. 23 at 3. For example, Glass cites to *S.G. v. SafeSport*, 74 F.4th 864, 870 (7th Cir. 2023), but that case does not appear to exist. Glass also cites to *Cafasso v. Central Refrigerated Servs., Inc.*, 486 F. Supp. 2d 1077, 1084 (W.D. Wis. 2007), but no such case exists in this district, and the reporter information does not yield another case. As for *Cressey v. Hamilton*, No. 21-CV-2031 (D. Kan. 2021), that case number in the District of Kansas is associated with *Starr Homes, LLC v. Schlup, et al.* These cases do not appear in Glass's amended motion. *See* Dkt. 25. If Glass relied on generative artificial intelligence tools to draft his original motion, he should be aware of those tools' tendency to "hallucinate" false case citations and of the need to carefully verify the materials he submits to the court. *See* Fed. R. Civ. P. 11(b)(2) (requiring a party to certify that its "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

The court addressed these related motions at the April 11, 2025 preliminary pretrial conference, and stayed discovery pending resolution of Glass's motion. Dkt. 24. Specifically, the court noted that discovery is not unlimited, and that jurisdictional discovery typically entails a limited subset of requests. The court cautioned Glass that his initial proposed outline for jurisdictional discovery at Dkt. 23-2 was far too broad and disproportionate. The court ordered Glass to supplement his motion with a list of narrowed, targeted discovery requests, and suggested an interrogatory as an example.

Glass has now supplemented his motion for jurisdictional discovery and includes a list of proposed requests for production. Dkt. 25-4. For the reasons below, the court will largely deny Glass's motion, while allowing some limited jurisdictional discovery to go forward.[2]

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

---

establishing new law"). The pitfalls of submitting court filings that contain hallucinated citations are obvious, and courts have sanctioned licensed attorneys and self-represented litigants alike for their failure to exercise diligence. *See, e.g.*, *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 24-cv-00326-JPH-MJD, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025) (imposing a monetary sanction on an attorney who "filed briefs containing non-existent AI-generated legal citations on three separate occasions"); *Saxena v. Martinez-Hernandez*, No. 22-cv-02126-CDS-BNW, 2025 WL 1194003, at *2 n.5 (D. Nev. Apr. 23, 2025) (collecting cases and warning self-represented litigants that generative artificial intelligence can create "hallucinat[ed]" case citations and using these citations may lead to court-imposed sanctions). Going forward, a party that provides authority to the court that does not actually exist may be sanctioned.

[2] The court also ordered the parties to meet and confer regarding a protective order that would address Glass's concern about making sensitive business information public. The parties have filed a stipulated protective order, Dkt. 30, that the court accepts and adopts as its order.

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Discovery is not limited to the merits of a case; "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). It is within the discretion of the district court to allow a party to conduct limited discovery to establish that jurisdiction exists. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 947 (7th Cir. 2000). The critical question is whether the requested discovery "is relevant and necessary to the resolution of the jurisdictional issue before the court." *Boustead v. Barancik*, 151 F.R.D. 102, 104 (E.D. Wis. 1993).

ANALYSIS

The defendant LLP asserts in its motion to dismiss that the court does not have jurisdiction over this action because there is no diversity of citizenship between the parties. For purposes of determining jurisdiction, federal courts deem "a limited partnership to be a citizen of every state in which any of its partners, general or limited, is a citizen." *Qin v. Deslongchamps*, 31 F.4th 576, 579 (7th Cir. 2022). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The complaint alleges that Glass is a citizen of Minnesota while the defendant has no "LLP presence in the State of Minnesota," but maintains a place of business in the Western District of Wisconsin. Dkt. 1, ¶¶ 1–2. On the face of the complaint, complete diversity of citizenship exists.

3

But defendant argues that, contrary to the allegations in the complaint, one of its partners, Attorney Adam Schurle, is a Minnesota citizen who works for defendant out of his Minnesota home. Attorney Schurle attests that he joined defendant Foley "as a lateral Tax partner in January 2022," and is assigned to the Milwaukee, Wisconsin office, but works remotely full-time from Minnesota. Dkt. 15, ¶ 2. He further attests that he is an "Active Partner," and that there are no other classifications of partners at Foley other than Retired Partners. Dkt. 27, ¶¶ 5–6. Defendant has produced Attorney Schurle's Memorandum of Understanding, which states that he is an "Active Partner" as of January 24, 2022, and was signed by all of the members of defendant's Management Committee, including its then-CEO. Dkt. 27-1 at 2, 6.

Despite these attestations, Glass believes that Attorney Schurle is a partner in name only, who defendant hired in anticipation of this "high-stakes" lawsuit to ensure that it is litigated in state court. Dkt. 25 at 15. In support, Glass notes that when he requested copies in 2022 of invoices for the period defendant represented him, he received a response from defendant's general counsel rather than a records clerk, suggesting that defendant was concerned Glass was gathering documents in preparation for litigation. Glass theorizes that defendant then engaged in "jurisdictional manipulation" by hiring Attorney Schurle. Glass suggests that defendant pays its partners via a Schedule K-1, a tax document used to report the income, losses, and dividends for a business's partners. But he maintains that having Schurle complete the IRS 7-question employee "Litmus Test" will prove that Attorney Schurle should be paid via IRS Form W-2 as an employee rather than an "income partner." *Id.* at 4–7, 14.[3]

---

[3] Glass bases this theory on the advice received from Richard Stang, a business tax advisor who also helped Glass draft his proposed jurisdictional discovery requests. Dkt. 25 at 17.

4

If Attorney Schurle is really an "income partner" or employee, Glass maintains that his citizenship can be disregarded for purposes of diversity jurisdiction. *Id.* at 9.

Even though defendant has produced the Memorandum of Understanding, Glass contends that the court must take "a substance-over-form approach when determining whether" this attorney "is a genuine member/partner of the LLP" with a real stake in it. Dkt. 25 at 10. Specifically, he proposes to depose five individuals, including Attorney Schurle, defendant's Director of Human Resources, and the hiring manager who hired Schurle. Glass also proposes that defendant produce documentation of its one-tier partnership structure, its LLP agreement and all amendments since 2021, documentation and correspondence related to Attorney Schurle's hiring, its 2021 and 2022 tax returns, a list of all individuals designated "partner," and their age and years of experience on the date they were elected as partners, all documentation regarding the voting rights of equity and non-equity partners, and the meeting minutes of any meetings since January 2022 to present during which attorneys were elected or removed from the LLP.

From Attorney Schurle, Glass seeks federal and state tax returns from 2022 through 2024, all documentation regarding his hiring as a partner, a copy of his answers to the IRS 7-question employee litmus test, documentation that demonstrates his "level of autonomy within the firm," a copy of the engagement agreement Attorney Schurle would use with a new tax- or energy-related client, copies of Attorney Schurle's utility bills for his Minnesota residence for the months of August, September, and October 2024, and any documents "that describe Mr. Schurle's ability as a 'Tax Partner' to provide input on the management decisions of the firm." Dkt. 25-4 at 1–2.

Glass also seeks documents from defendant's Director of Human Resources, including a copy of Attorney Schurle's offer letter, all correspondence and documentation related to paying Attorney Schurle via a K-1 rather than a W-2, documentation indicating that Attorney Schurle is paid like all of the other partners, a copy of Attorney Schurle's employment agreement and Memorandum of Understanding,[4] a copy of the HR Director's answers to the IRS 7-question employee litmus test as to Attorney Schurle, copies of Attorney Schurle's performance reviews, and performance reviews that he has completed for other attorneys.

Needless to say, Glass did not follow my instruction to narrow his requests in crafting this list of proposed discovery. As I specifically cautioned during the preliminary pretrial conference, Glass's inquiries at this stage are straightforward and do not require the voluminous discovery he seeks. For example, Glass notes that Attorney Schurle "makes no claim that he was elected to be a member of [defendant's] Limited Liability Partnership," "no claim that he contributed capital at the time he joined the firm or that he has any role in the management of the firm." Dkt. 25 at 2. These observations can be posed as questions to defendant in the form of interrogatories, which should yield all the information Glass needs to respond to defendant's motion and the court needs to resolve the jurisdictional question. Defendant, a law firm, is undoubtedly well aware of its duty to respond truthfully and completely to good-faith discovery requests.

Accordingly, the court DENIES Glass's motion in large part but GRANTS it in this one narrow respect: The proposed discovery is modified to pose the following three special interrogatories to defendant:

---

[4] As noted, this document has been filed with the court at Dkt. 27-1.

1. State whether Adam Schurle was elected to be a member of defendant's Limited Liability Partnership and, if so, the dates he was an active member.

2. State whether Adam Schurle contributed capital at the time he joined defendant's Limited Liability Partnership as a partner and, if so, the amount.

3. State whether Adam Schurle has any role in the management of the firm and, if so, the role and duties.

Defendant has until November 18, 2025 to respond. Glass may then have until December 9, 2025, to respond to defendant's motion to dismiss, and any reply will be due by December 19, 2025.

## ORDER

IT IS ORDERED that:

1. Plaintiff Todd Glass's motion for jurisdictional discovery, Dkt. 23 & Dkt. 25, is GRANTED in part and DENIED in part, as set forth above. Discovery otherwise remains stayed pending the court's resolution of defendant's motion to dismiss, Dkt. 13.

2. The parties' stipulated motion for a protective order, Dkt. 30, is GRANTED.

3. Plaintiff's response to defendant's motion to dismiss, Dkt. 13, is due December 9, 2025. Any reply is due December 19, 2025.

Entered November 4, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge