IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD EDWARD GLASS,

                Plaintiff,

v.

FOLEY & LARDNER, LLP,

                Defendant.

OPINION and ORDER

24-cv-769-jdp

---

Plaintiff Todd Glass, proceeding without counsel, moves for reconsideration of Magistrate Judge Anita Boor's order denying his motion for a second round of jurisdictional discovery, Dkt. 35. Dkt. 38. The court construes Glass's motion as an appeal of Judge Boor's order under Federal Rule of Civil Procedure 72(a). The court will deny Glass's appeal because Judge Boor did not clearly err in denying Glass's motion for further jurisdictional discovery.

BACKGROUND

Glass brings state-law claims against defendant Foley & Lardner, LLP. Dkt. 1. The parties dispute whether there is complete diversity to support diversity jurisdiction under 28 U.S.C. § 1332(a)(1). That issue is the subject of Foley's pending motion to dismiss for lack of subject-matter jurisdiction, Dkt. 13, which has yet to be fully briefed.

Glass moved for discovery to ascertain whether there is complete diversity between the parties. Dkt. 23. Judge Boor denied Glass's motion in large part. *See* Dkt. 32. But Judge Boor permitted Glass to pose three special interrogatories to Foley. *Id.* at 7. Foley responded to those interrogatories as follows:

>1. State whether Adam Schurle was elected to be a member of defendant's Limited Liability Partnership and, if so, the dates he was an active member.
>
>A: Adam Schurle ("Schurle") was not "elected" to be a member of the Foley & Lardner LLP Partnership ("Foley Partnership") as that term is commonly understood, as no "election" occurred, nor is one required. Instead, Schurle was admitted as a member of the Foley Partnership as an Active Partner on January 24, 2022 by the Firm's Management Committee, by authority delegated to the Management Committee by the Partners under the Partnership Agreement. Schurle has been an Active Partner at Foley from January 24, 2022 to the present.
>
>2. State whether Adam Schurle contributed capital at the time he joined defendant's Limited Liability Partnership as a partner and, if so, the amount.
>
>A: Like all Active Partners in the Foley Partnership, Schurle did not contribute capital at the time he joined the Foley Partnership as an Active Partner. Instead, like all Active Partners, Schurle makes annual capital contributions to the Partnership, calculated as a fixed percentage of his share of the profits of the Partnership, at the conclusion of each Firm fiscal year.
>
>3. State whether Adam Schurle has any role in the management of the firm and, if so, the role and duties.
>
>A: Schurle does not have any role in the management of the Firm.

Dkt. 33, at 5–6.

Glass moved for a second round of jurisdictional discovery. *Id.* Specifically, Glass proposed three requests for production, as well as three interrogatories, one of which would have required Foley's Human Resources Manager to answer a 27-question form. *See id.* at 8–12. Judge Boor denied Glass's motion for further jurisdictional discovery. Dkt. 35. Judge Boor reasoned that Glass's request was based on speculation, the information he sought was not necessary to resolve the pending motion to dismiss, and the number and breadth of his requests

2

were disproportionate to the needs of the case. *See id.* Judge Boor's order denying Glass's motion for further jurisdictional discovery is the order at issue on appeal. Dkt. 35 and Dkt. 38.

ANALYSIS

Federal Rule of Civil Procedure 72(a) requires this court to "modify or set aside any part of [Judge Boor's] order that is clearly erroneous or is contrary to law." The court will overturn Judge Boor's ruling "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Glass contends that further jurisdictional discovery is warranted because it is unclear whether attorney Adam Schurle, a tax law partner at Foley, is a bona fide member of the partnership. Dkt. 39, at 1–3; *see* Dkt. 15, ¶ 2. Without citing any authority, Glass defines a partner as one with managerial authority, a role in governance, and a real capital contribution. *See* Dkt. 39, at 3. What Glass thinks makes a partner is immaterial. Foley's citizenship for diversity jurisdiction purposes depends on the citizenship of all its partners, regardless of whether some exercise greater control over the partnership than others. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990). Foley's responses to the special interrogatories show that Schurle is a member of the Foley & Lardner LLP Partnership. *See* Dkt. 33, at 6. No further discovery is necessary to resolve the jurisdictional issue. Judge Boor did not clearly err in denying Glass's motion for a second round of jurisdictional discovery.

The next step for Glass is to respond to Foley's motion to dismiss. Glass moves for an extension of time to respond to the motion to dismiss and wants until January 19, 2026, to do so. Dkt. 38, at 5. Glass provides no good cause for why an extension is warranted. Nevertheless,

3

to allow Glass a brief period to account for this ruling, the court will reset his deadline to respond to December 23, 2025. Foley's deadline to reply will be December 30, 2025.

The court also acknowledges that Glass moves to amend his complaint to assert federal claims. Dkt. 37. The court sets the following briefing schedule for that motion: Foley's deadline to respond is December 30, 2025; Glass's deadline to reply is January 5, 2026.

One more issue. Glass has filed Dkt. 33, Dkt. 38, and Dkt. 39 under seal. He has not filed a motion to seal as required under the court's procedures for filing documents under seal. *See* Administrative Order No. 337. Glass gave the title "motion to seal" to Dkt. 34, but that is just an exhibit to Dkt. 33, and it contains no plausibly confidential information. Glass explains in Dkt. 33, Dkt. 38, and Dkt. 39 that those documents are filed under seal because they contain information that defendant has identified as confidential. The court accepts that explanation, and it will keep Dkt. 33, Dkt. 38, and Dkt. 39 under seal. The court denies the request to seal Dkt. 34. Glass must prepare and file redacted public versions of Dkt. 33, Dkt. 38, and Dkt. 39 as required by Administrative Order No. 337.

ORDER

IT IS ORDERED that:

1. Plaintiff Todd Glass's motion for reconsideration of order denying second round of jurisdictional discovery, Dkt. 38, is construed as an appeal of Judge Boor's December 9, 2025, order, Dkt. 35, and so construed, is DENIED.

2. Glass's motion to seal, Dkt. 34, is DENIED. Dkt. 33, Dkt. 38, and Dkt. 39 will remain under seal. Glass must file public, redacted versions of Dkt. 33, Dkt. 38, and Dkt. 39 by December 23, 2025.

3. Glass's deadline to respond to defendant Foley & Lardner, LLP's motion to dismiss is RESET to December 23, 2025. Foley's deadline to reply is December 30, 2025.

4. Foley's deadline to respond to Glass's motion to amend his complaint, Dkt. 37, is December 30, 2025. Glass's deadline to reply is January 5, 2026.

Entered December 16, 2025.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge