UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TODD E. GLASS ) | |
| 4006 MINNESOTA AVENUE ) | |
| DULUTH, MN 55802 ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 24-cv-769-jdp |
| ) | |
| FOLEY & LARDNER LLP (F&L) ) | |
| F & L CORP (resident agent) ) | |
| 777 E WISCONSIN AVE, STE 3800 ) | |
| MILWAUKEE, WI 53202 ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S NOTICE OF ERRATA REFERENCE NAME SUFFIX OF FORMER LEAD ATTORNEY FOR PLAINTIFF'S COUNSEL, LARSON KING LLP**

Plaintiff Todd E. Glass respectfully submits this Notice of Errata to correct a clerical error in Plaintiff's filing entitled Plaintiff's Response in Opposition to Defendant's Motion to Dismiss, filed on December 23, 2025 (DKT 44).

On page #7 of this filing, in the first bullet point of Section D, Plaintiff incorrectly referred to the attorney who served as lead legal malpractice counsel for Larson King LLP as "Mr. Patrick O'Neill III." This should instead read "Mr. Patrick O'Neill, Jr." (the name suffix used in Mr. O'Neill Jr.'s official correspondence such as the Notice of Claim letter). By way of clarification, Mr. O'Neill Jr.'s son—also an attorney at Larson King LLP—uses the name Patrick O'Neill III (often referred to internally and by clients as "P3"). Although P3 assisted with portions of the engagement regarding the Foley & Lardner LLP matter, Mr. O'Neill Jr. served as lead counsel on Plaintiff's matter, which ended without explanation.

A corrected page #7 is included below:

### B. The parallels to other national-security transactions underscore the stakes

PTFS's work occurs in the same specialized GEOINT and Intelligence Community markets where other companies have commanded premium valuations. For example, Pixia—a Herndon, VA GEOINT/NGA-focused firm with approximately $17 million in annual revenue—was acquired by Cubic Corporation for **$250 million** in January of 2020.

The highly strategic nature of PTFS's Content Services Platform (CSP), the Company's favorable market positioning in the "Intelligence Operations" market space, and the LibLime Division's leadership technology position helps explain why outside pressure has sought to drive down Plaintiff's influence and eliminate his oversight during crucial corporate events.

### C. PTFS's own 2025 LinkedIn disclosures reinforce that high-value national-security capabilities have been concealed from Plaintiff during the period of influence

In 2025, PTFS began publishing LinkedIn posts describing capabilities that had long been withheld from Plaintiff, including acknowledgement of the Company's strategic focus on "managing massive volumes of geospatial content." These public disclosures help confirm what Plaintiff has suspected for several years: that enterprise value has been concealed and manipulated during the period of time that outside counsel has been pressuring him to accept a grossly undervalued transaction.

### D. These dynamics support federal jurisdiction and underscore why dismissal on an incomplete record would be unjust

The undue influence described above is not peripheral. It explains:

• Why Plaintiff's prior counsel (Mr. Patrick O'Neill, Jr.) failed to include federal claims originally;
• Why Defendant's arguments regarding "ownership" labels should not be accepted without full factual inquiry; and
• Why the Court must ensure it has a complete understanding of Defendant's internal structure before determining diversity jurisdiction.

In short, the complexity and seriousness of the misconduct at issue weigh heavily against dismissing this matter on an unresolved factual record. The federal courts are the appropriate forum to adjudicate these intertwined legal, financial, and national-security issues.

### E. Specific example of a written demand made in direct relation to the undue influence involved in this matter

With regard to the undue influence involved in this matter, it's one thing to hear that the source of the influence in this matter involves a politically connected attorney. It's another thing to see how the undue influence manifests itself in a written demand. Following the Q:4 2018

Respectfully submitted,
/s/ Todd E. Glass
Todd E. Glass, currently pro se
4006 Minnesota Avenue
Duluth, MN 55802
cell: 301-219-0055
ptfs@starpower.net

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January 2026, this PLAINTIFF'S NOTICE OF ERRATA REFERENCE NAME SUFFIX OF FORMER LEAD ATTORNEY FOR PLAINTIFF'S COUNSEL, LARSON KING LLP was served by e-mail on the following individual:

Via E-mail:

Foley & Lardner, LLP
777 E WISCONSIN AVE, STE 3800
MILWAUKEE, WI 53202


Attn: Naikang Tsao


ntsao@foley.com

      Date: January 07, 2026    Todd E. Glass
                                            (currently as pro se litigant)
                                            /s/ Todd E. Glass