IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TODD EDWARD GLASS,

                        Plaintiff,                                OPINION and ORDER

        v.

FOLEY & LARDNER, LLP,                                            24-cv-769-jdp

                        Defendant.

---

Plaintiff Todd Glass, proceeding without counsel, served on the board of directors of and provided consulting services for the company Progressive Technology Federal Systems, Inc., which Glass founded. For reasons that aren't entirely clear, in 2019, Glass was forced off the board and stopped getting paid for consulting. Glass hired defendant Foley & Lardner, LLP, to represent him in a lawsuit against the company and members of its board for breach of contract and breach of fiduciary duty. Glass says that Foley mishandled the lawsuit. In this case, Glass sues Foley for legal malpractice and breach of fiduciary duty.

Three motions are pending. First, Foley moves to dismiss Glass's complaint, Dkt. 13, contending that the court lacks subject matter jurisdiction over this case because there isn't complete diversity as required by 28 U.S.C. § 1332(a). Second, Glass moves to amend his complaint, Dkt. 37, to assert racketeering and conspiracy claims under 18 U.S.C. § 1962, which would provide this court jurisdiction with federal question jurisdiction under 28 U.S.C. § 1331. Third, Glass moves in the alternative to transfer this case to another federal district court. Dkt. 48. I will deny Glass leave to amend because his proposed amended complaint fails to state a federal claim. I will grant Foley's motion to dismiss because Glass and Foley are both

citizens of Minnesota for diversity jurisdiction purposes. I will deny Glass's motion to transfer because transferring the case won't solve the jurisdictional defect.

## ANALYSIS

### A. Motion to amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires." But courts may deny leave to amend when there is a "good reason" for doing so, such as "futility, undue delay, undue prejudice, or bad faith." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015); *see Foman v. Davis*, 371 U.S. 178, 182 (1962). I focus on futility here. Amending a complaint is futile if the proposed amendment fails to state a claim for relief. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

Glass seeks to amend his complaint to bring racketeering and conspiracy claims under 18 U.S.C. § 1962, commonly known as RICO. To state a RICO claim, Glass must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). To satisfy the first element, Glass must show that Foley participated in the operation or management of the alleged enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993). An "enterprise" includes any group of individuals associated together and functioning as a unit for a common purpose of engaging in a course of conduct. *Boyle v. United States*, 556 U.S. 938, 944 (2009). To plead a "pattern" of racketeering activity, Glass must show that "the challenged conduct occurred and went on long enough and with enough of a relationship with itself to constitute a pattern." *Menzies v. Seyfarth Shaw LLP*,

2

943 F.3d 328, 337 (7th Cir. 2019). Glass alleges that Foley committed mail and wire fraud, Dkt. 37, at 11, which are types of racketeering activities, 18 U.S.C. § 1961(1).[1]

Glass alleges fraud, so his claims must satisfy Rule 9(b)'s heightened pleading requirement. *Ratfield v. U.S. Drug Testing Laboratories, Inc.*, 140 F.4th 849, 852 (7th Cir. 2025). Rule 9(b) requires Glass to "state with particularity" the circumstances surrounding the alleged fraud, Fed. R. Civ. P. 9(b), meaning that his allegations must be precise and substantiated, *U.S. ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016). Glass must, at a minimum, provide specifics about the mail or wire fraud and "state the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Stated another way, Glass must identify the "who, what, when, where, and how" of the mail and wire fraud. *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019) (citation omitted).

Glass's proposed amended complaint falls far short of showing that Foley conspired in an enterprise to harm him. The proposed amended complaint contains general and conclusory allegations that Foley teamed up with a handful of non-party individuals to deprive Glass of his contractual rights. *See* Dkt. 37, at 11. Glass alleges that unidentified members of the enterprise committed mail and wire fraud by misrepresenting legal strategies, manipulating legal proceedings, and inducing him to dismiss meritorious claims. *Id.* But he doesn't provide any further details about what Foley did or how it was involved in the alleged fraud. Glass's

---

[1] Citations to filings from the docket use the page numbers assigned by CM/ECF.

proposed amended complaint doesn't state a RICO claim against Foley, so I will deny Glass's motion for leave to amend his complaint.

## B. Motion to dismiss

With Glass's motion to amend his complaint to add federal claims out of the way, I turn to Foley's motion to dismiss his state-law claims. Foley contends that the court lacks subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there isn't complete diversity of citizenship. Dkt. 14, at 1. The jurisdictional analysis is straightforward.

If Glass and Foley are citizens of the same state, the court can't hear this case. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Glass is a citizen of Minnesota. Dkt. 1, at 2; *see Gilbert v. David*, 235 U.S. 561, 569 (1915). Foley is a partnership, so it is a citizen of every state in which an individual partner is a citizen, regardless of whether some partners exercise greater control over the partnership than others. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021); *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990). Foley contends that it is also a citizen of Minnesota because one of its partners, Adam Schurle, is a citizen of Minnesota. Dkt. 14, at 4 (citing Dkt. 15, ¶¶ 2–9).

Glass disputed whether Schurle was a member of Foley's partnership, so the court allowed Glass to conduct limited jurisdictional discovery to confirm Foley's citizenship. Dkt. 32. Foley's response to Glass's special interrogatory shows that Schurle is a member of the Foley & Lardner LLP Partnership:

> Q: State whether Adam Schurle was elected to be a member of defendant's Limited Liability Partnership and, if so, the dates he was an active member.
>
> A: Adam Schurle ("Schurle") was not "elected" to be a member of the Foley & Lardner LLP Partnership ("Foley Partnership") as that term is commonly understood, as no "election" occurred, nor is one required. Instead, Schurle was admitted as a member of the

> Foley Partnership as an Active Partner on January 24, 2022 by the Firm's Management Committee, by authority delegated to the Management Committee by the Partners under the Partnership Agreement. Schurle has been an Active Partner at Foley from January 24, 2022 to the present.

Dkt. 33, at 6. Foley is a citizen of Minnesota for diversity jurisdiction purposes, so the court lacks jurisdiction.

## C. Motion to transfer

One final point. Glass requests in the alternative to transfer this case to another federal district court under 28 U.S.C. § 1631. Transferring this case to another federal court won't solve the underlying jurisdictional defect: Glass must bring his state-law claims in state court. But this court isn't authorized to transfer the action to state court. *See Washington v. Glenn*, No. 18-cv-2074, 2018 WL 10812691, at *2 (C.D. Ill. June 4, 2018); *Lee v. Hirschtritt*, No. 13C1061, 2013 WL 4016230, at *3 (N.D. Ill. Aug. 6, 2013); *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 429 (3d Cir. 1983). Glass's motion to transfer, Dkt. 48, will be denied.

ORDER

IT IS ORDERED that:

1. Plaintiff Todd Glass's motion for leave to amend his complaint to assert federal RICO claims, Dkt. 37, is DENIED.

2. Defendant Foley & Lardner LLP's motion to dismiss for lack of subject matter jurisdiction, Dkt. 13, is GRANTED. This case is DISMISSED without prejudice.

3. Glass's motion to transfer, Dkt. 48, is DENIED.

4. The clerk of court is directed to enter judgment accordingly and close this case.

Entered March 23, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge